

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator,
Texas Liquor Control Board,
Austin, Texas

Dear Mr. Ford:

Opinion No. O-5125

Re: May a liquor license be denied
for any reason for which a
license may be cancelled, and
related matters.

Your inquiry of March 11, 1943, has been given our careful attention.

We have carefully reviewed the opinions to which you have called our attention, namely, O-5088 and O-2803. We do not think there is any conflict in said opinions. In order, however, for you to understand our construction of said opinions, we will undertake to more clearly state same.

Article 666-6 of the Penal Code (b) gives the Board power "to grant, refuse, suspend or cancel permits or licenses for the purchase, transportation, importation, sale or manufacture of alcoholic beverages or other permits in regard thereto."

Under Article 666-15, Penal Code, the permits are classified, and Subdivision (16) thereof relates to the permit for wine and beer retailers, and it provides that all such permits "shall be renewable in the same manner as required and provided to govern application for an issuance of Retail Beer Dealer's Licenses under Article II of this Act, and shall be subject to cancellation or suspension for any of the reasons that a Retail Beer Dealer's License may be cancelled or suspended, and upon the same procedure. ***"

Article 667-3 requires every person who engages in the sale of beer to obtain a license therefor from the Texas Liquor Control Board.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Bert Ford - page 2

Article 667-5 contains the information that must be embraced in the application.

Article 667-6 provides for a hearing on the application. It provides that the application shall be filed with the County Clerk, and after proper notice the County Judge hears the application; said Article provides:

"If upon hearing upon the petition of any applicant for a license, the County Judge finds the facts stated therein to be true and has no other lawful reason for denying the application, he shall enter an order so certifying, and a copy of said order shall be delivered to the applicant; * * *; the Assessor and Collector of Taxes shall thereupon report to the Texas Liquor Control Board upon a form prescribed by said Board certifying that the application for license has been approved and all required fees paid, and such other information as may be required by the Board, and to such certificate shall be attached a copy of the original application for license. Upon receiving such report or certification from the Assessor and Collector of Taxes, it shall be the duty of the Board or Administrator to issue the license accordingly, if it is found that the applicant is entitled to a license and there are no legal reasons why a license should not be issued, * * *."

Article 667-7 of the Penal Code provides for the renewal of licenses, and the applicant is required to file his application therefor with the Assessor and Collector of Taxes of the county. The law then provides:

"* * * *. The Assessor and Collector of Taxes shall thereupon transmit to the Board a copy of said application for renewal together with the certification that all required fees have been paid for the ensuing license period; and upon receiving the copy of said application and certification as to the payment of fees, the Board or Administrator may in its discretion issue the license applied for, or may within five (5) days after receipt of such application reject the same and require that the applicant for renewal file applica-

tion with the County Judge and submit to hearing
before such County Judge in the manner required
of any applicant for the primary or original
license."

Article 667-19 of the Penal Code authorizes the
Board or Administrator to cancel the license of any person
authorized to sell beer, after notice and hearing, for some
sixteen separate and distinct reasons or violations of the
law. Subdivision (o) thereof provides that the license may
be cancelled if "the licensee has violated any provision of
this Act or any rule or regulation of the Board at any time
during the existence of the license sought to be cancelled
or within the next preceding license period of any license
held by the licensee."

It is our opinion that the Administrator of the
Texas Liquor Control Board can refuse to renew a license
for any reason under the statute which would authorize him
to cancel the license; in other words, if the Administra-
tor knows that during the former license period the licensee
has violated the Texas Liquor Control Act he would have, un-
der Subsection (o) of Article 667-19 above quoted, the right
to cancel the renewal license.

As quoted above, Article 667-6 provides specifical-
ly that after the County Judge has had the hearing, and has
approved the application, the record is sent by the Assessor
and Collector of Taxes to the Texas Liquor Control Board,
"it shall be the duty of the Board or Administrator to issue
the license accordingly, if it is found that the applicant
is entitled to a license and there are no legal reasons why
a license should not be issued." It is our opinion that the
fact that the applicant did during the preceding year commit
such an act as would justify the Administrator to cancel the
permit would with the same reasoning be a sufficient legal
reason why the renewal license should not be issued.

Section 2 of the Texas Liquor Control Act provides
that the entire Act shall be liberally construed for the ac-
complishment of the purposes named therein, and Article 666-13
provides that the permit when granted shall be purely a per-
sonal privilege and shall be revocable for the causes stated
in said statute, and that the permit shall not constitute any
property right.

604

        Unquestionably, under the provisions of Article
667-19(o), the Administrator, if he should issue a renew-
al permit, could immediately thereafter cancel the permit,
if he had evidence showing that the licensee had during
the proceding year violated any provision of the Texas
Liquor Control Act. It would not be a liberal construct-
ion to say that the Administrator could be compelled to
issue a renewal license, which under the law he could im-
mediately cancel under the plain provisions of said law.

        In Metropolitan Life Insurance Co. v. Mann, 168
S. W. (2) 212, the Supreme Court, in construing the occu-
pation tax statutes, used this language:

        "(7-8) * * *. It certainly was not the in-
    tention of the Legislature to require a certifi-
    cate to be issued under Article 4770, when such
    certificate is subject, at the very time of is-
    suance, to be revoked under Article 4775."

        It is our opinion that the Administrator may re-
fuse to grant a renewal license for any of the reasons
named in the statute, for which he could cancel same, if
he should issue the renewal license.

                            Very truly yours

                            ATTORNEY GENERAL OF TEXAS


                        By  _____
                                Geo. W. Barcus
                                Assistant


GWB-MR



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN